No. 6379.

## L. P. FORBES ET AL. *v.* J. N. WITHERS.

1. LOCATION OF LAND CERTIFICATES, ETC.—The file indicates where the survey should be made. The survey is evidenced or certified by the field notes, which are recorded and transmitted to the land office, to be included in the patent for the land.
2. SAME—FILES—SURVEYS.—The laws afforded a means to compel the surveys to be made in accordance with a legal file. If a survey does not conform to the file, and no means are taken to correct the survey by the certificate holder or others interested in the land included, such survey when matured into a patent fixes the right of the land, regardless of whether made in accordance with the file or location of the certificate.
3. SAME.—After patent, the file or location is not important save as it may throw light upon an actual survey. (26 Texas, 68.)

4. SURVEY—CALLS.—In a rectangular survey, so appearing in its calls and on the maps, three corners are known; the fourth is not ascertained otherwise than by course and distance from the third corner. The call is two hundred varas longer than the parallel line on the south. *Held* that it was not error in the court to refuse to instruct the jury that the survey should be closed by connecting the first and fourth corners. It was not error to close the survey by reversing the last call from the first corner and running the proper course to the intersection with the third line.

5. PRIORITY OF SURVEYS.—The survey which is elder in date which can be ascertained without the aid of a junior survey, the two made by same surveyor and within a few days of same date, will have priority in right.

APPEAL from Johnson. Tried below before Hon J. M. Hall.

On March 31, 1884, L. P. Forbis and William Gambrell instituted this suit in the district court of Johnson county against J. N. Withers, in trespass to try title for two hundred varas by one thousand one hundred and sixty-five varas off the east end of the R. W. Boyce survey, for eight hundred and twenty acres, situated in Johnson county and fully described in plaintiff's petition, and for rents, etc.

And the defendant plead not guilty, and under the statute suggested that he was entitled to valuable improvements as a bona fide possessor, etc.

It was admitted by both parties that each owned the land described in their respective deeds, that is, the plaintiffs, by defendant's admission, owned the land claimed by them up to the eastern boundary line of the R. W. Boyce survey, and the defendant owns the land up to the western boundary line of the Johnson county school land survey, and that the only question at issue was, where was the true location of the eastern boundary line of the said R. W. Boyce survey and the true western boundary line of the said Johnson county school land survey, the eastern line of the Boyce and the western line of the school land being one and the same line.

And on May 4 this cause was tried by a jury and verdict was rendered for the defendant and a judgment was rendered according to the finding of the jury.

After a motion for new trial was overruled the plaintiff appealed.

*L. B. Davis* and *J. F. Henry*, for appellant: The evidence showing or tending to show that the north line of the Boyce

was three thousand nine hundred and seventy-eight varas long, while the south line was only three thousand seven hundred and seventy-eight varas long, it was the duty of the court to have instructed the jury that if they find such to be the fact that they should find for the plaintiffs, and that they were entitled to all land lying west of a line run from the point where the line that was three thousand nine hundred and seventy-eight varas long terminated, to the point where the south line being only three thousand seven hundred and seventy-eight varas long terminated. (Pas. Dig., 4573; McGehee v. H. & T. C. R'y Co., 49 Texas, 481.)

The court erred in that portion of its charge wherein it tells the jury that a party holding a valid certificate is entitled to appropriate all, or so much of the public domain included in his file as he may see proper, without instructing the jury what constituted a valid file; because the evidence shows that the Johnson county school land file was an older file than the Boyce, but the Johnson county school land file does not identify or describe any land to be appropriated by it, and was therefore illegal and void, and could confer no right as against the Boyce file.

The court erred in its charge to the jury in not instructing them that file number ten, the file number of the Johnson county school land, was illegal and void for want of certainty in description; because the file of said survey number ten, as entered upon the surveyor's book, does not describe or identify any particular land to be included in it.

The court having given the charge complained of in the second assignment, should have then instructed the jury that the file of the school land survey was void for want of certainty. This file having been prior in time to the Boyce file, the jury was led to believe that the Johnson county land, being a valid certificate, had a right to appropriate all the land called for in the field notes of said survey.

The court erred in that portion of its charge wherein it tells the jury they were the sole judges, under the evidence, as to what amount of land R. W. Boyce surveyed and located, and finally appropriated to himself; because this was a question of law under the evidence, and not for the jury to decide.

The second clause in the first special charge asked by plaintiff and refused by the court should have been given to the jury, which was as follows: "That the lines actually made

must govern the survey, whether it corresponds with lines called for in the grant or not, or whether the land included in the grant is too great or too small."

The third clause of first special charge asked by plaintiffs and refused by the court should have been given in the charge to the jury, which is as follows:   "You are instructed that before a survey is made there must be an application made to the surveyor by the owner or holder of the certificate in writing, and the surveyor makes what is called a file, giving the date of the file and giving a description of the land, which is to be appropriated by the certificate, and you are instructed that if you should find from the evidence in this case that No. 10 called for by the Boyce survey is the file number of the Johnson county survey; and that in fact and in truth that the Boyce was actually surveyed and run on the ground before the Johnson county school land, then in that case the Boyce is entitled to run its full course and distance without any reference to the Johnson county school lands."

The second special charge asked by the plaintiff and refused by the court should have been given in the charge to the jury, which is as follows:  "You are further instructed that if you should find from the evidence that the beginning corner of the Johnson county school land is not well defined, and that no other [corner] of said survey is well defined on the ground by any visible object, and is only ascertained by ascertaining corners of other surveys, and that it (the Johnson county survey) calls for the Boyce corners, and their corners can be established by course and distance from other corners of the Boyce which is well known and undisputed, then in that case you will locate and establish the Johnson county school land's east line by its calls for the Boyce, provided you find these calls the most certain.

*Crane & Ramsey,* for appellee, cited Ward v. Conner, 33 Texas, 567; Hollingsworth v. Holhousen, 17 Texas, 49; Pitts v. Booth, 15 Texas, 456; Pas. Dig., 4573-4575.)

WALKER, ASSOCIATE JUSTICE.  This is a controversy as to the ownership of a strip of land of two hundred varas width, claimed by the appellants, who were plaintiffs below, to be included in the Boyce survey and on its east side.  The defendant claims that it is included in the survey under which he

holds, made and patented to the Johnson county school land, and on its west side. There was no controversy as to the title, and the only question was as to the division line or common line of these two surveys. The surveys were made by the same man, and within a few days of each other.

The contest here is mainly upon the effect of the *files* made by the certificate owners previous to the survey as affecting the priority of right in the land.

The *file* number ten made for the Johnson county school land is very indefinite. It is, however, called for in the file number fifty-eight under the Boyce certificate. And it is manifest that had the Boyce file been strictly followed in the survey, that the land in controversy would have been included in it.

The *file,* which is the initiatory step provided by the statutes then in force for the acquisition of public land by a holder of a land certificate, is merged in the survey. No defect in the *file* will attach to the survey. The field notes of the survey, after being recorded in the surveyor's office, are returned to the land office. The patent should include the field notes so returned for description of the land granted by it to the owner of the certificate. The laws afforded a means for enforcing the rights of the holder of the certificate to have the survey made in accordance with the file. If, however, the survey is acquiesced in by others adversely interested by reason of priority of location, and is received by the owner conceding rights which might have been enforced, such concession is final. The action of the surveyor is presumed to be proper, and the presumption can not be disputed after the surveys have matured into patents. Hence the inquiry as to what lands are granted by the patent is directed to the survey as made, and not as it should have been made by the surveyor. The file then becomes immaterial, save as it may throw light upon the actual survey. (26 Texas, 68.)

The action of the court in its charge given and the refusal of instructions asked upon the legal effect of *the files* was immaterial, and as it was not calculated to injure the plaintiffs they can not complain.

The testimony showed that the Tyron survey was identified—its northeast corner, its east and north sides were known. The southwest corner of the Johnson school land survey, which is common with the southeast corner of the Boyce, seems to have been identified, the identification perhaps aided by the Tyron

survey. It is not disputed but that the southwest and north-west corners of the Boyce survey are well marked and known. There is also evidence that the north line of the Boyce was run, but there is found no corner at its east extremity. The north and south lines of the Boyce each call for three thousand nine hundred and seventy-eight varas in length. From the common corner, the southeast corner of the Boyce to the known southwest corner is only three thousand seven hundred and seventy-eight varas. Constructing the Boyce by running the east line from the southeast corner by its course gives the land in suit to the defendant.

In the absence of anything to mark the identity of the north-east corner of the Boyce we do not think the verdict was with-out or against the testimony in giving the land to defendant.

It is insisted that the court should have told the jury that upon finding from the testimony the northeast corner of the Boyce to be three thousand nine hundred and ninety-eight varas from the northwest corner and the length of the south line only three thousand seven hundred and seventy-eight varas they should find the dividing line by connecting these corners, giving plaintiffs all west and defendant all east of the line. This would only have been proper had both these corners been identified. It is not shown in the testimony that the northeast corner was so identified. Besides the corners of the survey are all right angles.

The Johnson county school land survey could be identified without the aid of the Boyce. The Boyce survey was junior in date and hence in case of conflict would yield to the older.

The charge of the court as to the legal effect of the different calls, monuments, etc., was fair and full; carefully directing the jury to the issue to be determined.

We find no material error in the record and the judgment below is affirmed.

*Affirmed.*

Opinion delivered June 29, 1888.